IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3025 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SOKHA KEO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Magistrate Judge's Recommendation that Defendant's Motion to Suppress be denied. At the conclusion of the evidentiary hearing on the motion to suppress, Magistrate Judge Piester stated on the record his conclusions and decision to recommend that the motion to suppress be denied. (Filing 53, T. at 49-52.) He also issued a brief Report, Recommendation and Order recommending denial of the motion to suppress. (Filing 51.) The transcript of the evidentiary hearing has now been filed (filing 53) and Defendant has filed objections to the Recommendation (filing 59), as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3.

I have conducted, pursuant to 28 U.S.C. § 636(b)(1) and NECrimR 57.3, a de novo review of the portions of the Report, Recommendation and Order to which objections have been made. Inasmuch as Judge Piester has fully, carefully, and correctly applied the law to the facts, I need only state that the Recommendation (filing 51) should be adopted, Defendant's objections to the Recommendation (filing 59) should be denied, and Defendant's Motion to Suppress (filing 29) should be denied.

Keo was a passenger in a vehicle stopped for traffic violations. A drug dog alerted to drugs during the stop. At the scene of the stop, she was advised of her Miranda rights. The vehicle in question was placed on a flatbed truck and transported to a service station. The truck was followed by three law enforcement vehicles. Keo rode in one of those vehicles to the service station. At the service station, one of the law enforcement officers (Sergeant Connelly) was asked to interview Keo. He was not the officer who had advised her of her rights. Keo exited the vehicle she was transported in and entered Sergeant Connelly's vehicle. She seeks to suppress statements made to Sergeant Connelly, asserting that questioning continued after she invoked her right to remain silent.

I have carefully reviewed the audiotape of Sergeant Connelly's interview of Keo. Sergeant Connelly introduced himself and said "The other officers read you your rights. So you understand all the rights. OK. Are you willing to talk with me about–?" Keo interjected with "Oh, I – have nothing to say." (Keo asserts that this statement was a clear invocation of her right to remain silent.) Sergeant Connelly responded by stating "you have nothing to say?" and making a noise which might have been "OK" or a clearing of his throat. Keo then said "Ah, only, I don't know anything so how am I going to say?" Sergeant Connelly then asked Keo if she was willing to talk about things she did know such as her personal history, and Keo answered those questions. Connelly went on to ask how Keo knew the driver of the vehicle and details of her travel with him.

Keo's statement "Oh, I–have nothing to say" was ambiguous and may have been a denial of knowledge. "A denial of knowledge does not constitute an assertion of the right to remain silent." Simmons v. Bowersox, 235 F.3d 1124, 1131 (8th Cir. 2001). When a suspect makes an ambiguous or equivocal statement it is good police practice for the interviewing officer to clarify whether the suspect is invoking Miranda rights. Id. at 1132 n.3 (citing Davis v. United States, 512 U.S. 452, 461 (1994).). Sergeant Connelly's question "you have nothing to say?" was an attempt

to clarify. Considered in the context of the entire interview, I agree with Judge Piester that Keo's statement "Oh, I –have nothing to say" did not invoke her right to remain silent. Simmons, 235 F.3d at 1131 (Assertion of Miranda rights "must be neither ambiguous or equivocal. . . . To determine whether a defendant has unequivocally invoked the right to remain silent, the defendant's statements are considered as a whole.").

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Recommendation (filing 51) is adopted;

2. Defendant's objections to the Recommendation (filing 59) are denied; and

3. Defendant's motion to suppress (filing 29) is denied.

DATED June 10, 2005.

BY THE COURT:

s/Richard G. Kopf
United States District Judge